**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JAN - 6 2021

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | No. 1:21CR 2 |
| DERRICK RASHARD GLOUDE | § | Crone-Giblin |

## **INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

### **Count One**

Violation: 18 U.S.C. § 1951
(Hobbs Act Robbery)

On or about November 9, 2020, in the Eastern District of Texas, **Derrick Rashard**

**Gloude**, defendant, aiding and abetting others known and unknown to the Grand Jury,

did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C.

§ 1951, and the movement of articles and commodities in commerce, by robbery, as that

term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take personal

property consisting of U.S. currency belonging to Exxpress Mart, located at 255 Dowlen

Road in Beaumont, Texas, from the presence of an employee against her will by means

of actual and threatened force, violence, and fear of immediate and future injury to her

person, while the employee engaged in commercial activities as an employee of Exxpress

Mart, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. §§ 1951 and 2.

Indictment – Page 1

## Count Two

> Violation: 18 U.S.C. § 924(c)
> (Brandishing Firearm in Crime of
> Violence)

On or about November 9, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count One of this indictment, which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

## Count Three

> Violation: 18 U.S.C. § 1951
> (Hobbs Act Robbery)

On or about November 11, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take personal property consisting of U.S. currency belonging to Fast Lane #25, located at 2245 IH-10 in Beaumont, Texas, from the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as

Indictment – Page 2

an employee of the Fast Lane #25, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951.

## Count Four

Violation: 18 U.S.C. § 924(c)
(Brandishing Firearm in Crime of Violence)

On or about November 11, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Three of this indictment, which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

## Count Five

Violation: 18 U.S.C. § 1951
(Hobbs Act Robbery)

On or about November 12, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take personal property consisting of U.S. currency belonging to 7 Eleven

Indictment – Page 3

#36509, located at 501 Washington Boulevard in Beaumont, Texas, from the presence of an employee against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while the employee engaged in commercial activities as an employee of the 7 Eleven #36509, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951.

## Count Six

Violation: 18 U.S.C. § 924(c)
(Brandishing Firearm in Crime of Violence)

On or about November 12, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Five of this indictment, which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

## Count Seven

Violation: 18 U.S.C. § 1951
(Hobbs Act Robbery)

On or about November 12, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did unlawfully obstruct, delay, and affect commerce as that

Indictment – Page 4

term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in

commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant

did unlawfully take personal property consisting of U.S. currency belonging to Subway,

located at 4350 E. Lucas in Beaumont, Texas, from the presence of an employee against

his will by means of actual and threatened force, violence, and fear of immediate and

future injury to his person, while the employee engaged in commercial activities as an

employee of Subway, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951.

### Count Eight

Violation: 18 U.S.C. § 924(c)
(Brandishing Firearm in Crime of
Violence)

On or about November 12, 2020, in the Eastern District of Texas, **Derrick**

**Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and

in relation to a crime of violence for which he may be prosecuted in a court of the United

States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951,

as set forth in Count Seven of this indictment, which is re-alleged here and incorporated

by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

## Count Nine

Violation: 18 U.S.C. § 1951
(Attempted Hobbs Act Robbery)

On or about November 16, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did attempt to take personal property consisting of U.S. currency belonging to Family Dollar, located at 3210 Avenue A in Beaumont, Texas, from the presence of an employee against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while the employee engaged in commercial activities as an employee of Family Dollar, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951.

## Count Ten

Violation: 18 U.S.C. § 924(c)
(Brandishing Firearm in Crime of Violence)

On or about November 16, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951,

as set forth in Count Nine of this indictment, which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

### Count Eleven

Violation: 18 U.S.C. § 1951
(Hobbs Act Robbery)

On or about November 16, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take personal property consisting of U.S. currency belonging to Dollar General, located at 3710 Highland Avenue in Beaumont, Texas, from the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as an employee of Dollar General, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951.

### Count Twelve

Violation: 18 U.S.C. § 924(c)
(Brandishing Firearm in Crime of Violence)

On or about November 16, 2020, in the Eastern District of Texas, **Derrick**

**Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Eleven of this indictment, which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

### Count Thirteen

Violation: 18 U.S.C. § 1951
(Hobbs Act Robbery)

On or about November 16, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take personal property consisting of U.S. currency belonging to Exxpress Mart, located at 5710 Highway 105 in Beaumont, Texas, from the presence of an employee against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while the employee engaged in commercial activities as an employee of Exxpress Mart, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951.

## Count Fourteen

Violation: 18 U.S.C. § 924(c)
(Brandishing Firearm in Crime of
Violence)

On or about November 16, 2020, in the Eastern District of Texas, **Derrick Rashard Gloude**, defendant, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Thirteen of this indictment, which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Criminal Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing the felony offenses in violation of 18 U.S.C. § 1951 alleged in Count One, Three, Five, Seven, Nine, Eleven, and Thirteen of this indictment, **Derrick Rashard Gloude**, defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all proceeds, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1951. Further, it is the intent of the United States pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

Indictment – Page 9

<u>Criminal Forfeiture Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)</u>

As the result of committing the felony offenses in violation of 18 U.S.C. § 924(c) alleged in Counts Two, Four, Six, Eight, Ten, Twelve, and Fourteen of this indictment, defendants **Derrick Rashard Gloude** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in a knowing violation of 18 U.S.C. § 924(c).

A TRUE BILL

GRAND JURY FOREPERSON

STEPHEN J. COX
UNITED STATES ATTORNEY

MATTHEW C. QUINN
Assistant United States Attorney

1/6/21
Date

Indictment – Page 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | No.  1:21CR____2____ |
| DERRICK RASHARD GLOUDE | § | |

## NOTICE OF PENALTY

### Counts One, Three, Five, Seven, Nine, Eleven, Thirteen

Violation:            18 U.S.C. § 1951

Penalty:             Imprisonment of not more than twenty (20) years, a
                     fine not to exceed $250,000, or twice the pecuniary
                     loss to the victim or gain to the defendant, or both
                     imprisonment and a fine, and a term of supervised
                     release of not more than three (3) years.

Special Assessment:   $100.00

### Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen

Violation:            18 U.S.C. § 924(c)

Penalty:             Imprisonment of not less than five (5) years that must
                     be served consecutively to any other term of
                     imprisonment, a fine not to exceed $250,000, or twice
                     the pecuniary loss to the victim or gain to the
                     defendant, or both imprisonment and a fine, and
                     supervised release of not more than five (5) years.

                     If the Court determines the defendant brandished the
                     firearm under 18 U.S.C. 924(c)(1)(A)(iii),
                     imprisonment of not less than seven (7) years that must
                     be served consecutively to any other term of
                     imprisonment, a fine not to exceed $250,000, or twice
                     the pecuniary loss to the victim or gain to the

Notice of Penalty-Page 1

defendant, or both imprisonment and a fine and supervised release of not more than five (5) years.

If the Court determines the defendant discharged the firearm under 18 U.S.C. 924(c)(1)(A)(iii), imprisonment of not less than ten (10) years that must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine and supervised release of not more than five (5) years.

Special Assessment:          $100.00